IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHASE TREVOR KAUFMANN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:21cv00511 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DUSTIN L. FOLEY, | ) | By:   Hon. Thomas T. Cullen |
| | ) |         United States District Judge |
| Defendant. | ) | |

Plaintiff Chase Trevor Kaufmann, a Virginia inmate proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983, alleging that Lieutenant Dustin Foley used excessive force while arresting Kaufmann. Lt. Foley filed a motion to dismiss arguing that Kaufmann's complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because the relief he seeks is not available in this action. Having reviewed the pleadings, the court finds that Lt. Foley's motion is improper and that Kaufmann has stated a claim. The court will therefore deny Lt. Foley's motion.

I.

Kaufmann alleges that on September 21, 2021, Lt. Foley of the Patrick County Sheriff's Office responded to "a call." (Compl. pg. 3 [ECF No. 1].) Kaufmann claims that when Lt. Foley "arrived on the scene," he "failed to take either person's statements" and stated that "he didn't want to deal with this." (*Id.*) Lt. Foley arrested both Kaufmann and his brother. Kaufmann alleges that he was placed in handcuffs, "put in the back of" the police car, and "tased three times in [his] leg or left and right thigh[,] grabbed by [his] neck, pushed [and] pulled back from out [of] the car to the ground[, and] pushed back in the police car." (*Id.*)

Kaufmann argues that Lt. Foley used excessive force in arresting him.[1] Kaufmann's only requested relief is that the court terminate Lt. Foley from his employment with the Patrick County Sheriff's Department.

## II.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," with all the allegations in the

---

[1] Kaufmann specifically identifies his excessive force claim. (*See* Compl. pg. 3.) It is unclear whether Kaufmann is also attempting to bring a false arrest claim. Section 1983 provides a federal cause of action for Fourth Amendment false arrest. *Wallace v. Kato*, 549 U.S. 384 (2007). To state such a claim, a plaintiff must allege that the defendant caused a seizure of the plaintiff pursuant to legal process, unsupported by probable cause, and the criminal proceedings terminated in plaintiff's favor. *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). Although courts are obligated to construe *pro se* pleadings liberally, a *pro se* plaintiff still must allege sufficient facts to state a cause of action. Here, Kaufmann has failed to allege facts sufficient to show that proceedings were terminated in his favor. To the extent Kaufmann seeks to bring a false arrest claim, he may file a motion to amend his complaint within 21 days to provide additional factual support for such a claim. If no motion is filed, the court will proceed with only his excessive force claim.

complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Id.*; *see Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

To allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Moreover, "liberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *see also Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "'A *pro se* plaintiff still must allege facts that state a cause of action.'" *Scarborough v. Frederick Cnty. Sch. Bd.*, 517 F. Supp. 3d 569, 575 (W.D. Va. Feb. 8, 2021) (quoting *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999)).

### III.

Kaufmann alleges that Lt. Foley used excessive force against him during his arrest and asks the court to terminate Lt. Foley's employment with the Sheriff's Department. Lt. Foley filed a motion to dismiss arguing that the court has no authority to grant the sole relief

Kaufmann seeks.[2] In response to the motion to dismiss, Kaufmann only provides details of witnesses to the alleged incident and does not address Lt. Foley's arguments concerning his claim for relief. Because a motion under Rule 12(b)(6) is not the proper vehicle to challenge a prayer for relief, the court will deny the motion to dismiss.

Although federal courts lack authority to terminate state employees from their job duties and the court cannot provide the relief that Kaufmann explicitly seeks,[3] "a demand for relief is not part of a plaintiff's statement of the claim." *Alexander v. Se. Wholesale Corp.,* 978 F. Supp. 2d 615, 624 n.7 (E.D. Va. 2013) (citing *Bontkowski v. Smith,* 305 F.3d 757, 762 (7th Cir.2002)). "[A] plain reading of Rule 12(b)(6) indicates that the rule may be used only to dismiss a 'claim' in its entirety." *Janis v. Nelson,* No. CR. 09–5019–KES, 2009 WL 4505935, at *7 (D.S.D. Nov. 24, 2009) (citations omitted); Fed. R. Civ. P. 12(b)(6) (permitting party to raise the defense of "failure to state a claim upon which relief can be granted" by motion). Because a demand for relief is not part of a plaintiff's statement of the claim, "the nature of the relief included in the demand for judgment is immaterial to the question of whether a complaint adequately states a claim upon which relief can be granted." *Charles v. Front Royal Volunteer Fire & Rescue Dep't,* 21 F. Supp. 3d 620, 629 (W.D. Va. 2014); *see also Schmidt v. C.R.*

---

[2] The court notes that Lt. Foley does not contend that Kaufmann's allegations are *factually* insufficient to state a cognizable § 1983 claim.

[3] This proposition is well-settled. *See Newman v. Alabama*, 559 F.2d 283, 288 (5th Cir. 1997) ("We all understand, of course, that federal courts have no authority to address state officials out of office or to fire state employees or to take over the performance of their functions."), *rev'd in part on other grounds, Alabama v. Pugh*, 438 U.S. 781 (1978); *Maxton v. Johnson*, 488 F. Supp. 1030, 1037 n. 2 (D.S.C. 1980) (citing *Shole v. Daly*, No. 75-1704 (4th Cir. 1976)) ("Federal courts lack the authority to remove or reassign state employees"). In Virginia, a sheriff appoints his or her deputies, and, except in limited circumstances, has the sole authority to remove deputies from office. Va. Code Ann. §§ 15.2-1603; 24.2-230; *see also McCaffrey v. Chapman*, 921 F.3d 159, 162, 168 (4th Cir 2019). The only exceptions to this rule are that a court is authorized to remove a sheriff's deputy from office if the deputy is (1) sentenced for committing certain crimes or (2) determined mentally incompetent. Va. Code Ann. §§ 15.2-1603; 24.2-230. Neither of these exceptions apply here.

*Bard, Inc.*, No. 6:14-CV-62, 2014 WL 5149175, at *8 (S.D. Ga. Oct. 14, 2014); *Int'l Fid. Ins. Co. v. Mahogany, Inc.,* Civil No. JKB–11–1708, 2011 WL 3055251, at *2 n.1 (D. Md. June 25, 2011) ("The sufficiency of a complaint is determined by the plaintiff's statement of his claim for relief, of which the demand for judgment forms no part." (citing Charles Alan Wright, *et al.*, 5 *Federal Practice and Procedure* § 1255 (3rd ed.1993)))). "A court therefore should not dismiss a complaint so long as it sets out facts sufficient to support a reasonable inference that the plaintiff is entitled to *any* relief the court can grant, even if that relief is not specifically requested." *Int'l Fid. Ins. Co.*, 2011 WL 3055251, at *2 n. 1 (emphasis added) (citing *Bontkowski,* 305 F.3d at 762). "Any doubt on this score is dispelled by Rule 54(c), which provides that a prevailing party may obtain any relief to which he's entitled even if he 'has not demanded such relief in [his] pleadings.'" *Bontkowski,* 305 F.3d at 762 (quoting former Rule 54(c); *see* Fed. R. Civ. P. 54(c) ("Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."). "Thus, the selection of an improper remedy in the . . . demand for relief will not be fatal to a party's pleading if the statement of the claim indicates the pleader may be entitled to relief of some other type." *Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Grp. L.L.C.,* 635 F.3d 1106, 1108 (8th Cir.2011) (quoting 5 Wright & Miller, *Fed. Prac. & Proc.*, Civil 3d § 1255 at 508–09 (3d ed. 2004)).

Claims of excessive force during an arrest are analyzed under the Fourth Amendment, which applies an objective "reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 394−95 (1989). Reasonableness "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 396. Three factors guide the

objective reasonableness inquiry: (1) "the severity of the crime"; (2) "whether the suspect poses an immediate threat to the safety of the officers or others"; and (3) whether the suspect "is actively resisting arrest or attempting to evade arrest by flight." *Id.* A court must make "allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* at 397.

Kaufmann alleges that while he was handcuffed and in the back of the police car, Lt. Foley tased him three times, grabbed him by his neck, and pulled and pushed him in and out of the car. Accepting the allegations in the complaint as true and drawing all reasonable inferences in Kaufmann's favor, the court concludes that he has stated a plausible claim for relief against Lt. Foley—even though the relief he specified is not available to him.

## IV.

For the reasons stated, the court will deny Lt. Foley's motion to dismiss.

The clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 8th day of April, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE